UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 15-46671

KEITH BRADLEY KRAMER,                               Chapter 7

        Debtor.                            Judge Thomas J. Tucker
_____/

SAID TALEB,

        Plaintiff,                         Adv. No. 15-4745

v.

KEITH BRADLEY KRAMER,

        Defendant.
_____/

## OPINION REGARDING FINALITY OF JUDGMENT ON APPEAL FOR COLLATERAL ESTOPPEL PURPOSES

**I. Introduction**

In this adversary proceeding, Plaintiff Said Taleb seeks a determination that the Defendant/Debtor Keith Kramer's debt under a state court judgment, which is based on an arbitration award, is nondischargeable under 11 U.S.C. § 523(a)(6), as a debt for "willful and malicious injury by the debtor." Plaintiff has filed a motion for summary judgment (Docket # 16, the "Motion"), that is based entirely on collateral estoppel. The parties briefed the Motion, and the Court held a hearing on December 9, 2015. The Court then scheduled a bench opinion on the Motion, to be given on January 7, 2016.[1]

---

[1] *See* Order Regarding Further Proceedings on Plaintiff's Motion for Summary Judgment (Docket # 25).

The parties have argued a number of issues related to collateral estoppel, and most of these will be addressed in the Court's upcoming bench opinion. In the meantime, however, the Court is issuing this written opinion to address one of the summary judgment issues. That issue is whether, under Michigan law, a lower court final judgment is to be given preclusive effect under the doctrine of collateral estoppel when an appeal of the judgment is pending, or the time for appeals has not yet expired.

Michigan law applies to the collateral estoppel issues here, because:

> In determining whether a state court judgment precludes relitigation of issues under the doctrine of collateral estoppel, the Full Faith and Credit Statute, 28 U.S.C. § 1738,[2] requires bankruptcy courts to "'consider first the law of the State in which the judgment was rendered to determine its preclusive effect.'" *Bay Area Factors v. Calvert* (*In re Calvert*), 105 F.3d 315, 317 (6th Cir. 1997)(quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 375 (1985)). If the state courts would not deem the judgment binding under collateral estoppel principles, then the bankruptcy court cannot do so either. But if the state courts would give preclusive effect to the judgment, then the bankruptcy court [generally] must also give the judgment preclusive effect[.]

*McCallum v. Pixley* (*In re Pixley*), 456 B.R. 770, 775-76 (Bankr. E.D. Mich. 2011). Under Michigan law, the existence of a "valid, final judgment in the first proceeding" is one of the requirements for the application of collateral estoppel. *See id.* at 776 (citation omitted). The question is whether, under Michigan law, a judgment is considered "final" when an appeal from

---

[2] The Full Faith and Credit Statute states, in relevant part:

> The . . . judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.

28 U.S.C. § 1738.

2

that judgment is pending or still possible.

The question arises in this case because Defendant has appealed the state court judgment on which Plaintiff relies. The appeal is pending in the Michigan Court of Appeals, although it is currently administratively closed, due to Defendant's bankruptcy. But the appeal likely will be reopened soon, because this Court recently lifted the automatic stay to permit the parties to litigate the appeal.[3] *See* Order Terminating the Automatic Stay to Permit the Debtor and Said Taleb to Proceed with the State Court Appeal, filed Dec. 16, 2015 (Case No. 15-46671, Docket # 108).

Plaintiff contends that the state court judgment is entitled to preclusive effect under the doctrine of collateral estoppel, even while the judgment is on appeal. Defendant contends that the judgment is not entitled to preclusive effect until the appeal process is complete. Both parties cite Michigan cases in support of their respective positions.

For the reasons stated in this opinion, the Court concludes that under Michigan law, collateral estoppel applies to judgments even when they are pending on appeal or the time for appeals has not yet expired. This is the Court's ruling on this single issue; the remaining issues will be addressed in the Court's upcoming bench opinion.

## II. Jurisdiction

This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b), 157(a), and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This is a core

---

[3] The appeal was closed without prejudice on November 12, 2015, due to Defendant's bankruptcy case. The order closing the appeal provides that "[w]hen the bankruptcy stays have been removed, the appeals may be reopened on motion." *See* Order from the State of Michigan Court of Appeals, Docket # 17, Ex. A.

proceeding under 28 U.S.C. § 157(b)(2)(I) because it seeks a "determination[] as to the dischargeability of particular debts."  This adversary proceeding also is a core proceeding because it falls within the definition of a proceeding "arising under title 11," and of a proceeding "arising in" a case under title 11, within the meaning of 28 U.S.C. § 1334(b).  Matters falling within either of these categories are deemed to be core proceedings.  *See Allard v. Coenen* (*In re Trans-Indus., Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009) (citing *Mich. Emp. Sec. Comm'n v. Wolverine Radio Co., Inc.*, 930 F.2d 1132, 1144 (6th Cir. 1991)).

This is a proceeding "arising under Title 11," because it is created or determined by statutory provisions of title 11, including 11 U.S.C. § 523(a)(6).  This is a proceeding "arising in" a case under title 11, because it is a proceeding that "by [its] very nature, could arise only in bankruptcy cases."  *See Allard v. Coenen*, 419 B.R. at 27 (internal quotation marks and citation omitted).

**III.  Discussion of the "finality" issue**

Plaintiff primarily relies on one Michigan Supreme Court case and two published Michigan Court of Appeals cases in support of his position, *Hackley v. Hackley*, 426 Mich. 582 (1986); *Temple v. Kelel Distributing Co.*, 183 Mich. App. 326 (1990); and *City of Troy Building Inspector v. Hershberger*, 27 Mich. App. 123 (1970).  Defendant's chief response to Plaintiff's cases is that they all refer to "res judicata," not "collateral estoppel."  The two preclusion doctrines are conceptually distinct, Defendant argues, and under Michigan case law, res judicata applies to judgments pending on appeal, but collateral estoppel does not.  In other words, Defendant argues that the finality rule is different depending on whether a party relies on res judicata or collateral estoppel.

4

Defendant is correct that courts usually distinguish between the two doctrines:

> The primary difference between res judicata and collateral estoppel . . . is that res judicata bars a second action on the same claim or cause of action including all matters that were raised or could have been raised in the first action, while collateral estoppel precludes relitigation of only such issues as were actually raised, litigated and determined in the first action and the decision of which were necessary to the judgment rendered.

*Vogel v. Kalita* (*In re Kalita*), 202 B.R. 889, 893 (Bankr. W.D. Mich. 1996) (citation omitted) (italics deleted); *see also Simon v. JPMorgan Chase Bank* (*In re Lebbos*), 455 B.R. 607, 612 (Bankr. E.D. Mich. 2011) (citation omitted) (referring to res judicata as "claim preclusion" and collateral estoppel as "issue preclusion").

Although they are distinct, the two doctrines serve largely the same purposes under Michigan law. Michigan courts have held that "[t]he doctrine of collateral estoppel must be applied so as to strike a balance between the need to eliminate repetition and needless litigation and the interest in affording litigants a full and fair adjudication of the issues involved in their claims." *Storey v. Meijer, Inc.*, 431 Mich. 368, 372-73 (1988); *see also Monat v. State Farm Ins. Co.*, 469 Mich. 679, 696 (2004) ("As a preclusion doctrine, collateral estoppel serves an important function in resolving disputes by imposing a state of finality to litigation where the same parties have previously had a full and fair opportunity to adjudicate their claims.") (internal quotation marks and citation omitted); *Tweedie v. Hermoyian* (*In re Hermoyian*), 466 B.R. 348, 361 (Bankr. E.D. Mich. 2012).

Similarly, "[t]he doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Bryan v. JPMorgan Chase Bank*, 304

Mich. App. 708, 715 (2014) (internal quotation marks and citation omitted) (case distinguishes between res judicata and collateral estoppel). Moreover, the Michigan Supreme Court has referred to collateral estoppel as a "prong" of res judicata. *See Hackley v. Hackley*, 426 Mich. 582, 590-91 (1986) (citations omitted).

## A. Plaintiff's cases

Plaintiff's first case, *Hackley*, involved the question of whether a putative father could challenge a child's paternity in an action to cancel child support when the paternity issue had already been decided in a prior divorce action with the child's mother. *Id.* at 583-84. The father never conceded paternity in the divorce action, but he also did not appeal the court's finding that he was the child's father. Changes in the law made it easier to establish non-paternity by the time of the second action, but the Michigan Supreme Court nevertheless held that the father was precluded from denying the child's paternity in the second suit. *Id.* at 584.

As stated above, the *Hackley* court described collateral estoppel as a "prong" of res judicata. However, the court went on to describe collateral estoppel more specifically as "issue preclusion," and to expressly apply collateral estoppel/issue preclusion. The court stated:

> The latter prong of the doctrine of res judicata has been referred to in this Court also as "collateral estoppel." In this case, it is denominated as the general rule of issue preclusion.
>
> The present proceeding to cancel child support and determine paternity involves the same parties and the same issue as in the prior divorce proceeding. Because this issue was adjudicated, **the general principle of issue preclusion applies.**

*Id.* at 591 (citations omitted)(emphasis added). Thus, it is clear that *Hackley* is a collateral estoppel case, contrary to Defendant's argument. Regarding the finality issue, *Hackley* states:

6

> The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, **the right, question or fact once so determined must, as between the parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.**

*Id.* at 590 (citations omitted) (emphasis added).

Although the language discussing finality in *Hackley* is dictum, because the father waived his right to appeal his prior judgment, Plaintiff cites another case which decided the finality issue directly. *Temple v. Kelel Distributing Co., Inc.*, 183 Mich. App. 326, 328 (1990), involved a wrongful death action where the decedent's employment status was at issue. At the time of the second action, the Michigan Bureau of Workers' Disability Compensation had already decided the employment status issue against the employer, Kelel Distributing. Kelel Distributing appealed the Bureau's determination, but the appeal had not been resolved at the time of the second action. The Michigan Court of Appeals held that the employer was precluded from challenging the decedent's employment status in the second, wrongful death action, despite the pendency of the appeal. *Id.* Although it used the term "res judicata," the Michigan Court of Appeals clearly was applying collateral estoppel, or issue preclusion, because only a discrete issue was precluded from relitigation — namely, the decedent's employment status:

> Of pivotal significance is the fact that plaintiff's decedent's employment status was adjudicated prior to trial by the Bureau of Workers' Disability Compensation. The worker's compensation bureau is the proper forum in which to resolve factual issues relating to employment which trigger the purview of the Workers' Disability Compensation Act.
>
> Although defendant **has appealed an adverse ruling that plaintiff's**

7

> **decedent was not an employee at the time of the accident, the decision nevertheless has res judicata effect.** Defendant's collateral attack in the instant appeal is therefore impermissible.

*Id.* (citations omitted) (emphasis added).

*City of Troy Bldg. Inspector v. Hershberger*, 27 Mich. App. 123 (1970), the third case cited by Plaintiff, also supports his position. In that case, the first judgment was pending on appeal at the time of the second action, and the Michigan Court of Appeals held that the appeal did not affect the finality of the first judgment. Although it used the term "res judicata," the court appears to have applied issue preclusion: "although the object and subject matter of the two suits or proceedings be different, [] the judgment of a court of competent jurisdiction **upon a particular Matter, fact or Point, once litigated and determined, is conclusive between the parties**, or their privies." *Id.* at 127 (quotation marks and citations omitted) (emphasis added).

## B. Defendant's cases

In support of his position that, in Michigan, judgments on appeal are final for res judicata purposes but not collateral estoppel purposes, Defendant cites *Bank of New York Mellon v. Carmack*, No. 321840, 2015 WL 5568405, 2015 Mich. App. LEXIS 1775 (Mich. Ct. App. Sept. 22, 2015); *Blackward v. Sower*, No. 318346, 2014 WL 7004053, 2014 Mich. App. LEXIS 2467 (Mich. Ct. App. Dec. 11, 2014); *In re Cushing*, No. 319893, 2014 WL 2619540, 2014 Mich. App. LEXIS 1098 (Mich. Ct. App. June 12, 2014); *Bryan v. JPMorgan Chase Bank*, 304 Mich. App. 708 (2014); *B&S Telecom, Inc. v. Michigan Bell Telephone Company*, No. 304030, 2013 WL 1632006, 2013 Mich. App. LEXIS 694 (Mich. Ct. App. April 16, 2013); and *Leahy v. Orion Township*, 269 Mich. App. 527 (2006).

All of the above cases, except *Blackward*, rely on *Leahy* for the point that a decision is

not final for collateral estoppel purposes until the appeals process has been exhausted. However, *Blackward* relies on *Bryan*, which in turn relies on *Leahy*. The Court therefore will begin its review of Defendant's cases with a discussion of *Leahy*.

Timothy Leahy unsuccessfully challenged a 2002 tax assessment in the Oakland County Circuit Court. That court dismissed the case, and the Court of Appeals affirmed the dismissal. Leahy had "failed to take advantage of appellate opportunities to disturb the challenged assessment while he had time to do so." *Id.* at 528, 530. The following year, Leahy successfully challenged a 2003 tax assessment before the Michigan Tax Tribunal. In the proceedings before the tax tribunal, he argued that because calculation of the 2003 assessment was based on the 2002 assessment, the tribunal must also revisit the 2002 assessment, or else the 2003 assessment would "remain[] erroneous." *Id.* The tax tribunal held that it had no jurisdiction to revisit the 2002 assessment, and Leahy appealed.

The Michigan Court of Appeals did not address the jurisdictional issue, but rather held that due to the prior decision by the circuit court, Leahy was collaterally estopped from attacking the 2002 assessment in the proceedings before the tax tribunal concerning the 2003 assessment. *Id.* at 531. The court described collateral estoppel as follows:

> Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue was actually and necessarily determined in that prior proceeding. The doctrine bars relitigation of issues when the parties had a full and fair opportunity to litigate those issues in an earlier action. **A decision is final when all appeals have been exhausted or when the time available for an appeal has passed.**

*Id.* at 530 (citations omitted) (emphasis added). Defendant relies on the bolded language above,

which is repeated in all of the cases he cites, for his argument that collateral estoppel does not apply to judgments that are pending on appeal.

This Court does not find *Leahy* or its progeny persuasive, however, for several reasons. First, in *Leahy*, the court explicitly found that Leahy failed to take advantage of the appeals process the first time he challenged the 2002 assessment (in the circuit court), so there was no pending appeal for the Michigan Court of Appeals to consider when reviewing the tax tribunal's subsequent decision regarding the 2002 assessment. *Id*.

Second, by its own terms, *Leahy* does not preclude the possibility that a judgment may be final for collateral estoppel purposes *before* it is fully resolved on appeal or the time for appeals has run. In a later decision, the Michigan Court of Appeals stated: "We agree there is no question that, as in *Leahy*, a party cannot collaterally attack a judgment that has been finalized on appeal. However, we conclude that the above proposition does not necessarily permit a party to collaterally attack a judgment that has yet to be finalized on appeal." *Farmers Insurance Exchange v. Young*, No. 275584, 2010 WL 3021860, at *6 (Mich. Ct. App. Aug. 3, 2010).

Third, the above quote in *Leahy*, if applied the way Defendant advocates, would be inconsistent with the rule stated by the Michigan Supreme Court in *Hackley* that issue preclusion applies to a judgment "so long as [it] remains unmodified." *See Hackley*, 426 Mich. at 590.

Moreover, as Plaintiff points out, Defendant suffers from similar problems with respect to all of the cases Defendant cites applying *Leahy*. In each case, the use of the *Leahy* language regarding finality of judgments is dictum. In *Bank of New York Mellon v. Carmack*, 2015 WL 5568405, 2015 Mich. App. LEXIS 1775; *Bryan v. JPMorgan Chase Bank*, 304 Mich. App. 708, and *In re Cushing*, 2014 WL 2619540, 2014 Mich. App. LEXIS 1098, the *Leahy* quote is dictum

because there was no pending appeal at the time of the second action.

In *Bank of New York Mellon v. Carmack*, the Michigan Court of Appeals held that both res judicata and collateral estoppel barred the defendant from challenging the validity of a foreclosure in state court when the "matter was already 'tested' in the federal courts." 2015 WL 5568405, 2015 Mich. App. LEXIS 1775 at *8-9. The federal district court had previously ruled in the plaintiff mortgagee's favor, and that decision had been affirmed by the Sixth Circuit U.S. Court of Appeals, both prior to the filing of the second action. *Id.* at *3.[4] Thus, there was no pending appeal to consider.

In *Bryan v. JPMorgan Chase Bank*, the plaintiff sought to file a late appeal of the first action, but that request was denied while the second action was still pending in the trial court. 304 Mich. App. 708, 711. *After* the attempt to file a late appeal was denied (thus ending the appeal), the trial court in the second action ruled that the defendant was entitled to summary judgment on the basis of res judicata and collateral estoppel. *Id.* at 711-12. Without discussing the "final judgment" issue, the Michigan Court of Appeals affirmed the trial court's decision, holding: "In this case, the prior eviction involved the same parties as the present case, the case was decided on its merits, and plaintiff raised [the same argument]; therefore, res judicata and collateral estoppel precluded plaintiff from bringing this quiet title action." *Id.* at 716.

In *In re Cushing*, the court held that collateral estoppel did not apply because there was "no evidence in the record that [the relevant issue] was ever argued by either party before the trial

---

[4] There is no indication that the defendant attempted to appeal the Sixth Circuit's decision to the United States Supreme Court. *See generally Carmack*, 2015 WL 5568405, 2015 Mich. App. LEXIS 1775; *see also generally* docket report for the Sixth Circuit case, *Carmack v. Bank of New York Mellon*, no. 12-1953, filed July 27, 2012.

court issued its December 20, 2010 opinion." 2014 WL 2619540, 2014 Mich. App. LEXIS 1098, at *25. The court concluded that the appellee, who argued for application of collateral estoppel, "has not demonstrated that collateral estoppel would bar litigation of this issue, even if the doctrine were applied." *Id.* The court did not address the finality of the prior judgment.

*B&S Telecom, Inc. v. Michigan Bell Telephone Company*, 2013 WL 1632006, 2013 Mich. App. LEXIS 694 and *Blackward v. Sower*, 2014 WL 7004053, 2014 Mich. App. LEXIS 2467 are, in some respects, Defendant's best cases, because they are the only cases that explicitly interpret *Leahy* as requiring a different finality rule for res judicata and collateral estoppel purposes. But once again, both cases do so only in dicta. In *B&S Telecom*, only res judicata (claim preclusion) was at issue, not collateral estoppel. *See B&S Telecom*, 2013 WL 1632006, 2013 Mich. App. LEXIS 694 at *6 (analysis of claim preclusion only). There, the court held that "the mere fact that a prior decision is currently on appeal does not prevent res judicata from barring subsequent relitigation." 2013 WL 1632006, 2013 Mich. App. LEXIS 694 at *6. In a footnote directly following that sentence, the court also noted, "[i]n contrast, finality for purposes of application of the issue-preclusion doctrine, collateral estoppel, requires that 'all appeals have been exhausted.'" *Id.* at *6-7 n.2 (quoting *Leahy*, 269 Mich. App. 527, 530 (2006)).

In *Blackward v. Sower*, the court also clearly designates its res judicata reasoning as dictum:

> Because plaintiff's lawsuit is barred in its entirety by res judicata, we need not address defendants' other arguments that the lawsuit is also barred by collateral estoppel and the statute of limitations. In any event, defendants' reliance on collateral estoppel is misplaced, because collateral estoppel, among other things, requires that "a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment." "A decision is final
12

> when all appeals have been exhausted or when the time for an
> appeal has passed." Here, Blackward properties could still appeal
> the 2010 lawsuit to the Michigan Supreme Court, so the decision
> of the trial court and our Court on the lawsuit that would
> collaterally estop this action is not "final."

2014 WL 7004053, 2014 Mich. App. LEXIS 2467, at *15 n.13 (internal quotation marks and citations omitted). Thus, while language in both *B&S Telecom* and *Blackward* supports Defendant's position, the language is clearly dictum in each case.

In addition, *B&S Telecom* and *Blackward*, as well as *Carmack* and *Cushing*, are unpublished cases, and therefore not binding as precedent under the Michigan court rules. *See* M.C.R. 7.215(C)(1).

## C. This Court's ruling

Having reviewed all of the cases cited by the parties, the Court concludes that under Michigan law, a final (*i.e.*, not interlocutory) judgment has preclusive effect under the doctrine of collateral estoppel (also known as issue preclusion), even when the judgment is on appeal or the time for appeals has not yet expired. The Court acknowledges the statements indicating otherwise that are contained in cases cited by Defendant, but finds them unpersuasive because they are inconsistent with the statement of the highest Michigan court in *Hackley*, that factual issues must "be taken as conclusively established, so long as the judgment in the first suit remains unmodified." 426 Mich. 582, 590 (1986). *Hackley* is a Michigan Supreme Court case, and to the extent Defendant's lower appellate court cases are inconsistent with *Hackley*, they are not binding or persuasive. Moreover, most of Defendant's cases are unpublished, while Plaintiff cites at least one published Michigan Court of Appeals case that is directly on point. *See Temple v. Kelel Dist. Co.*, 183 Mich. App. 326, 328 (1990).

The Court also notes that none of Defendant's cases provide a principled justification for treating finality differently for res judicata/claim preclusion purposes than for collateral estoppel/issue preclusion purposes. Nor could Defendant's counsel articulate any justification for this at the December 9 hearing. As described above, both doctrines help preserve the integrity of the judicial system by reducing needless litigation and avoiding the possibility of multiple, inconsistent results. These purposes are better served when courts apply *both* doctrines to judgments pending on appeal. As the court reasoned in *Crawford v. Chabot*, 202 F.R.D. 223, 227 (W.D. Mich. 1998):

> The purpose of the res judicata doctrine is to avoid repetitive litigation and the problem of inconsistent results. If a judgment is not considered final for res judicata purposes when an appeal is pending, then a plaintiff may file successive claims in multiple jurisdictions during the pendency of the appeal. This would result in exactly the kind of piecemeal litigation that res judicata is designed to guard against.

Finally, the Court notes that Defendant will not be prejudiced because of this ruling. If the Michigan Court of Appeals reduces the total amount of the judgment against Defendant, he will automatically benefit by that reduction in the debt amount. And if this Court grants a judgment of nondischargeability under Bankruptcy Code § 523(a)(6) against Defendant, based on collateral estoppel, and Defendant is later successful in his state court appeal in a way that affects the elements of nondischargeability under § 523(a)(6), Defendant can seek relief in this Court under Rule 60(b) of the Federal Rules of Civil Procedure. That rule, which applies in adversary proceedings under Fed.R.Bankr.P. 9024, permits relief from a judgment if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed.R.Civ.P. 60(b)(5).

14

## IV. Conclusion

For the reasons stated in this opinion, the Court concludes that under Michigan law, collateral estoppel/issue preclusion applies to a final judgment even when the judgment is pending on appeal or the time for appeal has not expired.

**Signed on December 23, 2015**              /s/ Thomas J. Tucker
                                             **Thomas J. Tucker**
                                             **United States Bankruptcy Judge**